## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVT TEXAS, L.P., a Utah Limited Partnership, <br><br>      Plaintiff, <br><br> v. <br><br> SARBALI ALLOYS, LLC, a Texas Limited Liability Partnership; and IRFAN PATEL, an individual, <br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Case No. 2:23-cv-201-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Dustin B. Pead |

Now before the court is Plaintiff AVT Texas, LP's Motion for Partial Summary Judgment against Defendants Sarbali Alloys, LLC and Irfan Patel.[1]  For the following reasons, the court GRANTS AVT's Motion in part and DENIES AVT's Motion in part.

## FACTUAL BACKGROUND[2]

On August 24, 2016, AVT and Sarbali executed Master Lease Agreement No. 2046394 (the Lease).[3]  The Lease provided for Sarbali's use and possession of two AVT-owned aluminum furnaces,[4] and contained three clauses immediately relevant to the present Motion. First, in the event of default, the Lease permitted AVT to "accelerate and declare immediately

---

[1] Dkt. 20, *Plaintiff's Motion for Partial Summary Judgment* (*Motion*).

[2] Unless otherwise stated, the following facts are not genuinely in dispute.  They are drawn from the parties' briefing and attached exhibits.  *See generally* Fed. R. Civ. P. 56(c).  Because this Order resolves a motion for summary judgment, the court "consider[s] the evidence in the light most favorable to the non-moving party."  *Duvall v. Georgia-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010) (quotation simplified).  The court provides only the factual background relevant to the present Motion.

[3] *Motion* ¶ 2 .

[4] *See generally* Dkt. 20-2, *Declaration of Dan Burris in Support of Plaintiff's Motion for Partial Summary Judgment* at 6–22.

due and payable, as liquidated damages for the loss of a bargain and not as a penalty . . . all Basic Rent and other sums due as of the date of the Default, plus an amount equal to the Stipulated Loss Value set forth on the applicable Stipulated Loss Schedule, determined as of the month prior to the occurrence of the Default."[5]  Second, in the event of default, the Lease granted AVT a security interest in all Sarbali's assets.[6]  Third, in the event of default, the Lease entitled AVT to recover "(1) pre- and post-judgment interest at the rate of eighteen percent (18%) per annum, and (2) all costs, expenses, and reasonable attorney fees incurred as a result of Sarbali's breach."[7]

Pursuant to the Lease, the parties also executed two Lease Schedules.[8]  The Lease Schedules set out monthly payments for each furnace and corresponding Stipulated Loss Values.[9]  Patel—Sarbali's sole owner—personally guaranteed each of Sarbali's obligations under the Lease and Lease Schedules and, in the event of default, likewise granted AVT a security interest in all his assets.[10]

In November 2019, Sarbali failed to make payments due under the Lease and the parties entered into a series of Forbearance Agreements whereby AVT agreed not to pursue contractual remedies against Defendants in exchange for Defendants' commitment to make certain monthly

---

[5] *Motion* ¶ 20.

[6] *Id.* at 11.

[7] *Id.* at 10 (internal quotation marks omitted).

[8] *Id.* ¶ 3.

[9] *Id.* ¶¶ 3, 12–14.

[10] *Id.* ¶¶ 4, 17, at 11.

payments.[11]  Nevertheless, AVT recorded "all asset" UCC liens against Sarbali and Patel in the State of Texas.[12]

Beginning in January 2023, Sarbali also failed to make payments due under the Forbearance Agreements.[13]  AVT provided Sarbali and Patel notice of the delinquency, but neither Defendant made any subsequent payments.[14]  And as of January 2023, the Stipulated Loss Value associated with each furnace was $112,000.00, for a total of $224,000.00.[15]

## PROCEDURAL HISTORY

AVT filed the present case on March 27, 2023, stating the following six claims for relief: (1) breach of contract against Sarbali, (2) breach of the covenant of good faith and fair dealing against Sarbali, (3) security interest foreclosure against Sarbali, (4) breach of contract against Patel, (5) breach of the covenant of good faith and fair dealing against Patel, and (6) security interest foreclosure against Patel.[16]

AVT filed the present Motion on May 17, 2024.[17]  AVT seeks summary judgment on its first, third, fourth, and sixth claims for relief.[18]  On its first and fourth claims, AVT likewise seeks an order holding Defendants jointly and severally liable for $224,000.00, the Stipulated Loss Value corresponding to the date of Defendants' defaults, plus pre- and post-judgment interest at the rate of eighteen percent (18%) per annum, and all costs, expenses, and reasonable

---

[11] *Id.* ¶¶ 6–9.

[12] *Id.* ¶ 22.

[13] *Id.* ¶ 10.

[14] *Id.* ¶ 11.

[15] *Id.* ¶¶ 15–16.

[16] *See generally* Dkt. 6, *First Amended Complaint.*

[17] *See generally Motion.*

[18] *Id.* at 2.

attorney fees incurred.[19]  On its third and sixth claims, AVT seeks a court order "providing that AVT is entitled to foreclose on its UCC liens and requiring Sarbali and Patel to turn over to AVT all property subject to the liens."[20]  The Motion is fully briefed and ripe for review.[21]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."[22]  A dispute is genuine if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[23]  A fact is material if, under the governing substantive law, it " might affect the outcome of the suit."[24]  The court "view[s] the evidence and make all reasonable inferences in the light most favorable to the nonmoving party."[25]

## ANALYSIS

The court reviews AVT's Motion in two parts.  First, the court considers AVT's request for summary judgment on its first and fourth claims for relief—its breach of contract claims.  Second, the court considers AVT's request for summary judgment on its third and sixth claims for relief—its security interest foreclosure claims.

---

[19] *Id.* at 10–11.

[20] *Id.* at 11.

[21] *See* Dkt. 21, *Response to Motion for Partial Summary Judgment* (*Response*); Dkt. 22, *Reply Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment*.  Having reviewed the parties' briefing and relevant law, the court finds that oral argument is not necessary.  *See* DUCivR 7-1(g) ("The court *may* set any motion for oral argument." (emphasis added)).

[22] Fed. R. Civ. P. 56(a).

[23] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[24] *Liberty Lobby*, 477 U.S. at 248.

[25] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

I.        **AVT is entitled to Summary Judgment on Its Breach of Contract Claims.**

AVT argues it is entitled to summary judgment on its breach of contract claims against Defendants because the parties were subject to binding contracts, AVT performed its obligations under the contracts, Defendants failed to make payments under the contract, and the contracts provided for AVT's recovery of liquidated damages.[26]   The court agrees.

Under Utah law, the elements for a breach of contract claim are "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[27]   Defendants do not dispute AVT and Sarbali entered into binding contracts—the Lease and the Lease Schedules.[28]   Defendants do not dispute Patel agreed to personally guarantee Sarbali's performance under the Lease and Lease Schedules.[29]   Defendants do not dispute AVT performed its obligations under the contract and Defendants failed to make all payments due to AVT after December 2022.[30]   Neither do Defendants dispute the Lease provided for liquidated damages equal to the Stipulated Loss Value for both furnaces at the time of Defendants' default—$224,000.00—and recovery for "all payments and other sums due as of the date of the default."[31]

Looking to section 339 of the Restatement of Contracts, Defendants contend summary judgment is inappropriate because there are two genuine issues of material fact regarding the enforceability of AVT's liquidated damages clause: (1) whether the amount of liquidated

---

[26] *Motion* at 7–11.

[27] *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388, 392.

[28] *Response* at 3–4.

[29] *Id.*  Defendants only respond to facts relating to the Stipulated Loss Value as "genuinely disputed or immaterial" facts.  *Id.* at 3.

[30] *Id.*

[31] *Id.*  Defendants do not otherwise respond to AVT's argument it is entitled to attorney fees.

damages was a "reasonable forecast of just compensation for the harm caused by [Defendants'] breach," and (2) whether the harm caused by Defendants' breach was "incapable or very difficult of accurate estimation."[32]  But facts relevant to these issues are immaterial.  Utah law does not define the enforceability of a liquidated damages clause based on these inquiries.  To the contrary, it provides that "[a] party may challenge the enforceability of a liquidated damages clause only by pursuing one of the general contractual remedies, such as mistake, fraud, duress, or unconscionability."[33]  Defendants do not argue any contractual remedies.[34]

Defendants also claim summary judgment is inappropriate because there is a genuine dispute of material fact about whether AVT mitigated its damages.[35]  But facts relevant to this issue are also immaterial.  Utah law does not require mitigation "in situations where the parties have agreed to a stipulated amount of damages," and does not consider a liquidated damages provision "unconscionable merely because [it] allows a party to recover more in damages than it would have if it were subject to a duty to mitigate."[36]  In any case, the terms of the Lease expressly excused AVT's duty to mitigate.[37]

---

[32] *Id.* at 9 (quoting *Reliance Ins. Co. v. Utah Dept. Transp.*, 858 P.2d 1363, 1366 (Utah 1993)).

[33] *Id.*  Defendants described the Stipulated Loss Value as so "excessive and unreasonable" as to render the liquidated damages provision "unconscionable and unenforceable."  *Id.* at 2.  But Defendants do not identify any specific facts evidencing substantive or procedural unconscionability.  *See Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 402 (Utah 1998).  Facts concerning substantive unconscionability suggest a "contract term is . . . so one-sided as to oppress an innocent party."  *Id.* (internal ellipses and quotation marks omitted).  Facts concerning procedural unconscionability "focus[] on the negotiation of the contract and the circumstances of the parties," including their respective bargaining positions.  *Id.* at 403.

[34] *See generally Response.*

[35] *Response* at 2–3, 10.

[36] *Stein Eriksen Lodge Owners Ass'n Inc. v. MX Techs. Inc.*, 2022 UT App 30, ¶ 63, 508 P.3d 138.

[37] *See* Dkt. 20-2 at 9 ("Lessor shall have no duty to mitigate lessor's damages under any lease or license by taking legal action to recover the leased property . . . or to dispose of the leased by property . . . by sale, re-lease or otherwise.").

Accordingly, there are no genuine issues of material fact that would affect the breach of contract analysis and the court concludes AVT is entitled to summary judgment on its breach of contract claims.

AVT seeks the following remedy for its breach of contract claims: $224,000.00 in liquidated damages plus pre-and post-judgment interest at the rate of eighteen percent (18%) per annum, and costs, expenses, and reasonable attorney fees.[38]

"A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest."[39]  Utah law provides that parties to a contract "may agree upon any rate of interest for the contract,"[40] but prejudgment interest is only available "if the damages are fixed as of a particular time and can be calculated with mathematical accuracy."[41]  Prejudgment interest is "most clearly appropriate where the defendant owes the plaintiff a liquidated amount."[42]  Title 28, United States Code, Section 1961 generally governs postjudgment interest,[43] but parties may contract to postjudgment interest "at a rate other than that specified in § 1961."[44]  Contracts that provide for interest rates that deviate from §1961 "must express such

---

[38] *Motion* at 10–11.

[39] *Strickland Tower Maint., Inc. v. AT&T Commc'ns, Inc.*, 128 F.3d 1422, 1429 (10th Cir. 1997).

[40] Utah Code Ann. § 15-1-1(1).

[41] *ClearOne Commc'ns, Inc. v. Chiang*, 432 F. App'x 770, 772 (10th Cir. 2011); *see also Diversified Striping Sys. Inc. v. Kraus*, 2022 UT App 91, ¶ 77, 516 P.3d 306, 324 ("In Utah, prejudgment interest is recoverable where the damage is complete, the amount of loss is fixed as of a particular time, and the loss is measurable by facts and figures.") (internal quotation marks omitted).

[42] *ClearOne Commc'ns, Inc.* at 774.

[43] *Weitz Co., Inc. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382, 1385 (8th Cir. 1983) ("[F]ederal law governs the award of postjudgment interest … while state law governs the award of prejudgment interest."); *see also* 28 U.S.C.A. § 1961 (providing interest shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield … for the calendar week preceding" the date judgment is entered).

[44] *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005); *see also Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1276 (10th Cir. 2010) ("[P]arties may set their own rate of post-judgment interest through contract.").

intent through clear, unambiguous and unequivocal language."[45]  Here, both the Lease and Personal Guaranty unequivocally provide for "interest, both before and after judgment, at the lesser of eighteen percent (18%) per annum or the highest rate permitted by law" from the date of default.[46]  Likewise, the Lease and Personal Guaranty entitle AVT to recover "all costs, expenses and reasonable attorney fees incurred" by Sarbali and Patel respectively.[47] Accordingly, the court concludes AVT is entitled to $224,000.00 in liquidated damages, pre- and post-judgment interest in the amount of eighteen percent (18%) per annum from the date of default, and all costs, expenses, and reasonable attorney fees incurred in this action.

## II.    AVT is Not Entitled to Summary Judgment on Its Lien Foreclosure Claims.

AVT also seeks summary judgment on its security interest foreclosure claims, and a corresponding order permitting it to foreclose on what it describes as a "perfected blanket security interests that it recorded against the assets of Sarbali and Patel."[48]  Under Utah law, "while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection . . . of a security interest in collateral."[49]  Sarbali is a Texas limited liability company with its principal place of business in Houston, Texas, and Patel is a Texas citizen residing and domiciled in Texas.[50]

Under Texas law, for a party "[t]o show that it has a perfected security interest in collateral, a party must establish that its interest has attached to the collateral and the party has

---

[45] *Id.*

[46] Dkt. 20-2, *Lease* at ¶ 29; *id.*, *Personal Guaranty* at ¶ 16.

[47] *Id*.

[48] *Motion* at 11.

[49] Utah Code Ann. § 70A-9a-301(1).

[50] *Compare* Dkt. 6, *Amended Complaint* ¶¶ 2–3, *and* Dkt. 13, *Answer* ¶¶ 2–3.

properly perfected its interest against the other parties."[51]  "A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral."[52]  For a security interest to be enforceable, "three requirements must be satisfied: (1) there must be value given; (2) the debtor must have rights in the collateral; and (3) the debtor must have authenticated a security agreement with a description of the collateral."[53]  Moreover, the description of the collateral in a security agreement must reasonably identify the collateral; "[a] description of collateral as 'all the debtor's assets' or 'all the debtor's personal property' or using words of similar import does not reasonably identify the collateral."[54]

Subject to this rule, the court concludes the Lease and Personal Guaranty are not enforceable security agreements.  Although AVT gave value by providing the furnaces to Defendants and Defendants have rights in their respective assets, both the Lease and Personal Guaranty use "all the debtor's assets"-type language to identify the collateral subject to the security interest and the UCC Financing Statement lists "all assets of Debtor" as the covered collateral.[55]  These "super generic" descriptions are statutorily inadequate for AVT's interests to attach to Defendants' assets under Texas law, defeating AVT's claims to perfected security interests in Defendants' assets.[56]

---

[51] *Markel Ins. Co. v. Origin Bancorp, Inc.*, 663 F.Supp.3d 670, 677–78 (N.D. Tex. 2023).

[52] Tex. Bus. & Com. Ann. § 9.203(a).

[53] *Markel*, 663 F.Supp.3d at 677–78; *see also* Tex. Bus. & Com. Ann. § 9.203(b).

[54] Tex. Bus. & Com. Ann. § 9.108(c).

[55] *See* Dkt. 20-2 at 11 (granting AVT a security interest in "all assets of Lessee"); *id.* at 24 (granting AVT a security interest in "all assets of Guarantor"); *id.* at 56.

[56] *See* Tex. Bus. & Com. Code Ann. § 9.108(c); *see also Cheniere Energy, Inc. v. Parallax Enterp. LLC*, 585 S.W.3d 70, 78 (Tex. Ap. 2019) ("Under the UCC … a security interest attaches to reasonably identified collateral, and a 'super generic' description does not reasonably identify collateral." (quoting Tex. Bus. & Com. Code Ann § 9.101, cmt. 4(h) ("[A] super-generic description is inadequate for purposes of a security agreement."))).

**CONCLUSION**

As stated above, Plaintiff's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part.[57]  AVT is entitled to summary judgment on its first and fourth claims for relief in the amount of $224,000.00, pre- and post-judgment interest at the rate of eighteen percent (18%) per annum, costs, expenses, and reasonable attorney fees.  However, AVT is not entitled to summary judgment on its third and sixth claims for relief and the court will not issue an order foreclosing on AVT's security interest in Defendants' assets.

SO ORDERED this 4th day of November 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[57] Dkt. 20.